NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Carroll
No. 2022-0500

JASON BOUCHER

v.

TOWN OF MOULTONBOROUGH

Argued: June 15, 2023
Opinion Issued: November 15, 2023

Lehmann Major List, PLLC, of Concord (Jason R.L. Major on the brief and orally), for the plaintiff.

Gallagher, Callahan, & Gartrell, P.C., of Concord (Keelan B. Forey and Charles P. Bauer on the brief, and Keelan B. Forey orally), for the defendant.

MACDONALD, C.J. The plaintiff, Jason Boucher, appeals an order of the Superior Court (Ignatius, J.) granting the motion to dismiss of the defendant, the Town of Moultonborough (Town). He contends that: (1) the court erred in finding that he failed to exhaust administrative remedies under RSA 41:48 (Supp. 2022); and (2) he has stated a claim for which relief may be granted. We reverse and remand.

The following facts are derived from the plaintiff's complaint and accompanying documentation and are assumed to be true for the purposes of this appeal. See Barufaldi v. City of Dover, 175 N.H. 424, 425 (2022). The plaintiff served as a police officer for the Town for nineteen years, mostly in a full-time capacity. At the time he filed his complaint, he most recently held the rank of sergeant. Up until the final four months of his employment, no formal disciplinary actions had been taken against him while employed by the Town's police department.

Due to his past involvement in assisting local officers to form a union, and his previous support of a candidate for police chief that the Board of Selectmen (Board) opposed, the plaintiff believed the Board did not support him. In early 2020, the police chief retired and was replaced by an interim police manager "who was under the direct control of the [Board]." The interim manager enlisted "his loyal subordinate, a lower-ranking officer" to "cut the Sergeants out of the daily operations of the Police Department, turning the chain-of-command upside down." Shortly thereafter, the plaintiff became "the subject of serial internal investigations orchestrated by" the interim manager and the lower-ranking officer "for simply attempting to conduct the ordinary business of a police Sergeant." In total, the plaintiff was subjected to four investigations over six weeks. According to the plaintiff, the interim manager's conduct "was very clearly aimed at undermining and isolating him."

The plaintiff resigned on June 26, 2020. He later obtained a new position but suffered a significant loss of pay and benefits. He also suffered severe emotional and physical duress, which required treatment by medical professionals.

In May 2021, the plaintiff filed a complaint in the trial court alleging one count of "Constructive Termination in Violation of RSA 41:48." (Bolding and capitalization omitted.) The plaintiff asserted that he "had a statutory right to continue in his employment as [a] full-time police officer unless removed for cause after a due process hearing." He alleged that "[a]s a direct and proximate result of [the Town's] efforts to ostracize, isolate, and demean him, [he] was constructively discharged from his employment" and that the Town's actions "materially changed [his] working conditions in a manner that would cause any reasonable police officer to feel compelled to resign." The plaintiff seeks compensatory damages as a result of his constructive discharge.

In February 2022, the Town moved to dismiss the plaintiff's complaint on the grounds that: (1) constructive discharge is not an independent cause of action in New Hampshire; (2) the plaintiff's claim under RSA 41:48 is improper because it seeks money damages; (3) the plaintiff lacked standing to bring a

claim under RSA 41:48; and (4) the allegations in the complaint do not plead or support a wrongful discharge cause of action. The plaintiff objected, arguing that the Town's "circumvention of the plaintiff's employment rights ultimately led to his constructive discharge, which made the due process protections set forth in RSA 41:48 irrelevant and unavailable to the plaintiff." Therefore, the plaintiff concluded he "has a cognizable cause of action for money damages" and has standing as "the party injured by the [Town's] bad faith violation of his rights." In its reply to the plaintiff's objection, the Town further argued that the plaintiff's claim under RSA 41:48 is "not ripe for adjudication" because he did not exhaust his administrative remedies through an RSA 41:48 hearing before the Board.

Following a hearing, the trial court granted the Town's motion to dismiss. The court reasoned that if the plaintiff "considers himself a terminated officer in violation of RSA 41:48, even if only constructively, it logically follows that he is required to follow the procedures contained within RSA 41:48." Consequently, the court found that the plaintiff "failed to exhaust his administrative remedies, which divests [the] court of subject matter jurisdiction to decide his case." The court dismissed the plaintiff's complaint without prejudice and declined to consider the Town's remaining arguments. This appeal followed.

II

On appeal, the plaintiff argues that: (1) he was not required to exhaust any administrative remedies under RSA 41:48 because the statute does not contemplate a hearing in cases where the officer is constructively discharged, nor does it provide an adequate remedy under those circumstances; and (2) he has stated a claim for which relief may be granted. The Town contends that the plaintiff was required to exhaust his administrative remedies under RSA 41:48 and that, even if his claim was properly before the trial court, his complaint fails to state a wrongful termination claim.

In reviewing an order granting a motion to dismiss, we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff. Barufaldi, 175 N.H. at 427. The standard of review in considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Id. This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. Id. The trial court may also consider documents attached to the plaintiff's pleadings; documents, the authenticity of which is not disputed by the parties; official public records; and documents sufficiently referred to in the complaint. Id. We will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. Id.

3

We first describe the context of this case. Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign. Karch v. BayBank FSB, 147 N.H. 525, 536 (2002). We have not recognized constructive discharge as a distinct cause of action in New Hampshire. Rather, we have held that properly alleging constructive discharge satisfies the termination component of a wrongful termination claim. Id. A wrongful termination claim is a cause of action in tort. Porter v. City of Manchester, 151 N.H. 30, 38 (2004).

Resolving the plaintiff's appeal requires that we engage in statutory interpretation. We review the trial court's statutory interpretation de novo. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

RSA 41:48 provides, in its entirety:

Any permanent constable or police officer who is either elected under the provisions of RSA 41:47 or appointed for full-time duty under the provisions of RSA 105:1, and who is in compliance with the requirements of RSA 106-L:6, shall continue to hold such office during good behavior, unless sooner removed for cause by the selectmen, after notice and hearing, or unless the town has rescinded its action as provided in RSA 41:47. Any such elected permanent constable or police officer shall be deemed to be a permanent policeman, and entitled to benefits under the provisions of RSA 103 if otherwise qualified.

The plaintiff contends that he was not required to exhaust administrative remedies under RSA 41:48. The rule requiring exhaustion of administrative remedies is designed to encourage the exercise of administrative expertise, preserve agency autonomy, and promote judicial efficiency. Porter, 151 N.H. at 40. Whenever a statute provides a procedure for appeal or review of an administrative agency's decision, that procedure is exclusive and must be followed. Frost v. Comm'r, N.H. Banking Dep't, 163 N.H. 365, 373 (2012). We agree with the plaintiff's assertion that "RSA 41:48 does not contemplate the situation currently before the Court, where [the plaintiff] never received any formal notice of an intent to dismiss him . . . and he was never formally removed from his employment by [the Board]." Because RSA 41:48 does not,

4

by its plain terms, contemplate constructive discharge, we conclude that there was no administrative process through which the plaintiff could exhaust a remedy.  See id. (determining that because the applicable statute did not set forth a relevant review procedure, "there is no exclusive review process that Frost was required to exhaust").

We have long recognized that RSA 41:48 affords police officers a pre-termination hearing before their local select board.  See Appeal of Town of Pelham, 124 N.H. 131, 136 (1983) ("Under RSA 41:48, when a board of selectmen seeks to remove a police officer, the officer is notified and afforded a hearing before the board.  The board is both prosecutor and judge."); Ingersoll v. Williams, 118 N.H. 135, 139 (1978) (observing that an "officer is granted a pretermination hearing, but if he is then dismissed, he can have the board's decision reviewed in the superior court only for illegality, injustice, or unreasonableness").  The statute affords procedural protections — notice and a hearing — and substantive protections — a "for cause" standard — prior to an officer being "removed . . . by the selectmen."  RSA 41:48 (emphasis added).  The circumstances of this case do not involve removal by the Board because the plaintiff resigned.

The Town represented at oral argument that there are several processes the plaintiff could have followed to attempt exhaustion, including requesting a hearing before the Board, articulating the issue to the Board, or "engaging" with the Board informally.  Yet, none of these processes are set forth in the plain language of RSA 41:48.  See St. Onge, 174 N.H. at 395 (stating that we will not "add language that the legislature did not see fit to include").  Even if the plaintiff sought and was granted a hearing before the Board, the only remedy afforded to him under the statute would be to resume working in the very environment which gave rise to his constructive discharge claim.  Cf. Porter, 151 N.H. at 41 (reasoning that "[e]ven if Porter had followed through with his appeal and the board had rescinded his suspension, he would still have been required to work under Lafond's supervision," and "the city conceded that it lacked the authority to keep Lafond from retaliating against Porter").  Accordingly, the trial court erred in finding that the plaintiff failed to exhaust his administrative remedies under RSA 41:48.

Because the trial court did not address the merits of the plaintiff's complaint, we decline to reach the Town's argument that the plaintiff failed to state a claim for wrongful termination.

Reversed and remanded.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.